PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2002 Chrysler Sebring struck a hole while claimant Tony Guzman was traveling on County Route 60 in Morgantown, Monongalia County. County Route 60 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:30 a.m. on August 10, 2005. County Route 60, also known as Baker’s Ridge Road, is a two-lane highway at the area of the incident involved in this claim. Claimant Tony Guzman testified that he was driving on County Route 60 with a truck traveling towards him in the opposite lane. He stated that it was a clear day but that he drove his vehicle close to file edge of the road to avoid the other truck when his vehicle stmck a hole along the edge of the road that he had not seen. Mr. Guzman testified that the hole was approximately sixteen inches long, twelve inches wide, and two to three inches deep. Claimants’ vehicle struck the hole in the road damaging a tire and a rim totaling $296.69.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 60 at the site of the claimant’s accident for the date in question. Kathy Westbrook, County Highway Administrator for the respondent in Monongalia County, testified that she had no knowledge of any holes on County Route 60 in Morgantown prior to the date of claimants’ incident. Ms. Westbrook stated that based upon pictures entered into evidence, the hole appeared to be part of an edge failure. She testified that an edge failure occurs when the edge of the roadway fails due to drainage or heavy traffic traveling on the roadway. Respondent maintains that it had no actual or constructive notice of any holes on County Route 60.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive *100 notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on County Route 60. The size of the hole and the time of the year in which claimants’ incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $296.69.
Award of $296.69.